Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Farid Sharaby, State Bar No. 278259
E-Mail: fsharaby@hurrellcantrall.com
Anahit Isaghulyan, State Bar No. 337046
E-Mail: aisaghulyan@hurrellcantrall.com
HURRELL CANTRALL LLP
300 South Grand Avenue, Suite 1300
Los Angeles, California 90071
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

***NO FEE - GOV'T CODE 6103***

Attorneys for Defendant, COUNTY OF LOS ANGELES

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SARAH JAFARI,

Plaintiff,

v.

COUNTY OF LOS ANGELES, a municipal entity, KONRAD THIEME, an individual DOES 1-10, Inclusive,

Defendants.

FEDERAL CASE NO.

STATE CASE NO. 21STCV45482
[Exempt pursuant to *Gov. Code* § 6103]

**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 ON BEHALF OF DEFENDANT COUNTY OF LOS ANGELES; DECLARATION OF ANAHIT ISAGHULYAN**

[Filed Concurrently With Notice of Interested Parties]

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTE that Defendant COUNTY OF LOS ANGELES ("COLA") hereby removes this action from the Superior Court of the County of Los Angeles, Central District to the United States District Court, Central District of California. COLA effects this removal pursuant to 28 U.S.C. §§ 1441 and 1446 on the following factual bases:

1. On December 14, 2021, Plaintiff SARAH JAFARI ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, Central

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

District in the action entitled *Sarah Jafari v. County of Los Angeles; et al.*, Case No. 21STCV45482. Declaration of Anahit Isaghulyan ("Decl. Isaghulyan"), ¶ 3. The Summons and Complaint are attached as Exhibit "A" to the Declaration of Anahit Isaghulyan.

2. Plaintiff served the Summons and Complaint on COLA on December 16, 2021. Decl. Isaghulyan, ¶ 4.

3. Counsel for COLA is informed and believes that Defendant KONRAD THIEME has not been served with the Summons and Complaint. Decl. Isaghulyan, ¶ 5. Accordingly, joinder of this Notice by Defendant KONRAD THIEME is unnecessary. *See Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984) (superseded on other grounds, *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925)). Defense counsel has no knowledge that Defendant KONRAD THIEME has received the Summons or Complaint or is aware of the existence of the Summons or Complaint. Decl. Isaghulyan, ¶ 5.

4. In the Complaint, Plaintiff brings a federal civil rights claim pursuant to 42 U.S.C. § 1983 claiming violations of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution against all Defendants. Decl. Isaghulyan, ¶ 6; Exh. "A." Thus, this is a federal civil rights action over which this Court has original jurisdiction as to all Defendants. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Accordingly, COLA has the right to remove this case to this Court. *See* 28 U.S.C. § 1441(a) ("…any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants…"); 28 U.S.C. § 1446 (setting forth procedures for removal).

5. In the Complaint, Plaintiff also brings state law causes of action for Deprivation of Civil Rights under state code §§ 51 (The Unruh Act), 51.7 (The

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

Ralph Act), 52.1 (The Bane Act), assault, battery, false imprisonment, and negligence (vicarious and training and supervision). Decl. Isaghulyan, ¶ 7; Exh. "A." All of Plaintiff's causes of action brought under federal and state law arise from the same factual allegations: that on April 10, 2021 during a response by Sheriff's Deputies to a 911 call from Plaintiff's mother, Plaintiff who suffers from mental health issues, was banging a door against a wall, which led to a physical struggle with the Deputies resulting in Plaintiff's injuries. Decl. Isaghulyan, ¶ 8; Exh. "A." When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims, but all pendent state claims which derive "from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 US 715, 725 (1966); *see also* 28 U.S.C. §§ 1367(a) and 1441(c).

6. Venue is proper in this Court as the alleged wrongful conduct occurred in the County of Los Angeles and the named defendants reside therein. 28 U.S.C. §§ 84(c)(2), 1391, 1446.

7. This Notice of Removal is being filed with this Court less than 30 days after plaintiff served COLA with the Summons and Complaint, which service was made on December 16, 2021. Decl. Isaghulyan, ¶ 9.

8. This Notice of Removal is being contemporaneously filed in this Court as well as the Superior Court of California, County of Los Angeles, Central District. Decl. Isaghulyan, ¶ 10.

DATED: January 14, 2022

HURRELL CANTRALL LLP

By: A. Isaghulyan

THOMAS C. HURRELL
FARID A. SHARABY
ANAHIT ISAGHULYAN
Attorneys for Defendant, COUNTY OF LOS ANGELES

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

**DECLARATION OF ANAHIT ISAGHULYAN**

I, Anahit Isaghulyan, declare:

1. I am an attorney duly licensed to practice before this Court and am an associate with Hurrell Cantrall LLP, attorneys of record for Defendant COUNTY OF LOS ANGELES ("COLA") herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. I make this declaration in support of the Notice of Removal and Removal of Action Under 28 U.S.C. §§ 1441 and 1446 on behalf of Defendant County of Los Angeles.

3. On December 14, 2021, Plaintiff SARAH JAFARI ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, Central District in the action entitled *Sarah Jafari v. County of Los Angeles; et al.*, Case No. 21STCV45482. The Summons and Complaint are attached hereto as Exhibit "A."

4. Plaintiff served the Summons and Complaint on COLA on December 16, 2021.

5. Upon information and belief, Defendant KONRAD THIEME has not been properly served with the Summons and Complaint. I have no knowledge that Defendant KONRAD THIEME has received the Summons or Complaint or is aware of the existence of the Summons or Complaint.

6. In the Complaint, Plaintiff brings a federal civil rights claim pursuant to 42 U.S.C. § 1983 claiming violations of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

7. In the Complaint, Plaintiff also brings state law causes of action for Deprivation of Civil Rights under state code §§ 51 (The Unruh Act), 51.7 (The Ralph Act), 52.1 (The Bane Act), assault, battery, false imprisonment, and negligence (vicarious and training and supervision).

8. All of Plaintiff's causes of action brought under federal and state law arise from the same factual allegations: that on April 10, 2021 during a response by

Sheriff's Deputies to a 911 call from Plaintiff's mother, Plaintiff who suffers from mental health issues, was banging a door against a wall, which led to a physical struggle with the Deputies resulting in Plaintiff's injuries.

9. This Notice of Removal is being filed with this Court less than 30 days after plaintiff served COLA with the Summons and Complaint, which service was made on December 16, 2021.

10. This Notice of Removal is being contemporaneously filed in this Court as well as the Superior Court of California, County of Los Angeles, Central District.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 14, 2022 at Los Angeles, California.

A. Isaghulyan

Anahit Isaghulyan

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

# EXHIBIT - "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



BOARD OF SUPERVISORS COUNTY OF LOS ANGELES FILED 2021 DEC 16 P 3:03

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

COUNTY OF LOS ANGELES, a municipal entity; KONRAD THIEME, an individual, DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

SARAH JAFARI

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill Street
Los Angeles, CA 90011

CASE NUMBER: *(Número del Caso):* 21STCV45482

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vincent Miller, Law Offices, 16255 Ventura Boulevard, Suite 625, CA 91436 213-948-5702

DATE: 12/14/2021 *(Fecha)* — Sherri R. Carter Executive Officer / Clerk of Court — Clerk, by *(Secretario)* R. Perez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: County of Los Angeles a municipal entity
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [✓] by personal delivery on *(date)*: 12/16/21

VINCENT MILLER (SBN 291973)
NICK SAGE (SBN 298972)
The Law Offices of Vincent Miller
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
Telephone: (213) 948-5702
Attorney for Plaintiff Sarah Jafari

**SUPERIOR COURT OF THE STATE OF CALFORNIA**

**CENTRAL DISTRICT**

| | |
|---|---|
| SARAH JAFARI,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a municipal entity; KONRAD THIEME, an individual, DOES 1-10 inclusive,<br><br>Defendant. | ) CASE NO: 21STCV45482<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>**1. DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983;**<br>**2. DEPRIVATION OF CIVIL RIGHTS 52.1 (THE BANE ACT), 51, 51.7;**<br>**3. ASSAULT**<br>**4. BATTERY**<br>**5. FALSE IMPRISONMENT**<br>**6. NEGLIGENCE (VICARIOUS AND TRAINING AND SUPERVISION)**<br><br>**Jury Trial Demanded** |

Plaintiff SARAH JAFARI ("Plaintiff" or "Ms. Jafari") by and through her undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

**INTRODUCTION**

1. Plaintiff is an individual residing in Los Angeles, California, who is mentally disabled and suffers from a history of psychiatric problems with medical diagnoses of mental illness.

2. At all times mentioned herein, Defendant, County of Los Angeles (hereinafter, "Los Angeles County" "Defendant County"), a government agency, is in Los Angeles County, California. The Los Angeles County Sheriff's Department ("LASD") is a branch of Los Angeles County.

3. Defendant Konrad Thieme ("Thieme") and DOE Defendants are employees of the County, and work as deputies for LASD. LASD has long known about Deputy Thieme's excessively violent and aggressive disposition, and use of excessive force. Given his propensity for overly aggressive policing, combined with the fact that Deputy Thieme is tall with a muscular build, has made it dangerous for residents for the defendant to be out on patrol.

4. Up until she was violently attacked deputies from the County, Ms. Jafari was functioning in life, and happily living with her mother.

5. On April 10, 2021, at her mother's home, Ms. Jafari was banging a door against a wall. Concerned for Ms. Jafari's well-being, Plaintiff's mother called the Sheriff's Department, thinking deputies would act responsibly and come and help make sure that Plaintiff was not a danger to herself.

6. Unfortunately, when Deputy Thieme and DOE Defendant deputies arrived at the home, they did not act responsibly or appropriately. The deputies mistreated Plaintiff due to her disability. The deputies saw in Plaintiff's disability caused vulnerabilities an opportunity to violently "toy" with a disabled person, the Plaintiff.

7. Ms. Jafari was always passive during the encounter with the deputies. As documented on a body camera: Defendant Deputy Thieme and other DOE Defendant deputies approached the diminutive Ms. Jafari. Mr. Jafari walked slowly backwards away from the deputies, with her hands held out so they could see she was of no danger of harm to them. Unfortunately, unprovoked, Deputy Thieme suddenly throat punched Ms. Jafari who yelped in agony as she flew backward to the ground and landed on her back and head. Deputy Thieme and the Doe Defendant Deputies continued their assault on Ms. Jafari who was terrified and continued to be passive, and non-resistant. The Deputies sat on Plaintiff and shocked her body with a

taser, with no justification. as Plaintiff cried out in intense pain, apparently to the sadistic amusement of the deputies.

8. Defendant Thieme then grabbed Ms. Jafari by the hair and tossed her into the back of the patrol car like a rag doll.

9. Ms. Jafari was taken to the emergency hospital where she was treated for the injuries caused by the deputies.

10. The Defendant Deputies then wrote a false police report, fabricating that Ms. Jafari was somehow a threat or resisting arrest. Based on the deputies' fraudulent allegations, Plaintiff was falsely arrested and thrown in jail.

11. The District Attorney dropped the fake charges against Ms. Jafari and refused to participate in the frame up by the Defendant deputies.

12. The Defendant deputies returned to the Jafari home and tried to convince Plaintiff's mother to lie and say she had told them prior to their attack on Plaintiff that Ms. Jafari had a knife in her clothes. Plaintiff's mother refused to lie and to provide a convenient cover story for the deputies.

13. As a result of the Defendant Thieme and Doe Defendants attack on Plaintiff, she suffered and suffers from a traumatic brain injury, severe psychological pain, and emotional distress. Plaintiff is extremely traumatized by being attacked by cops.

14. As a result of the Defendants' attack on Plaintiff and the brain injury the Defendants caused, she soon after suffered seizures and was taken to emergency hospital where she was treated for two weeks.

15. Under the circumstances, Plaintiff reasonably fears the deputies will return and resume their terror and murder her.

16. In addition to the unprovoked attack on Plaintiff, LASD is infamous for a history of being riddled with deputy gangs and a deputy gang culture that permeates the department and results in many instances of excessive force against disabled residents and minorities. Sheriff Alex Villanueva and LASD have been aware of Defendant Thieme's propensity for overly aggressive policing and use of excessive force. Sheriff Villanueva and LASD did not

discipline Deputy Thieme and the Doe Defendants for engaging in excessive force prior to its use of it against Plaintiff.

17. Sheriff Villanueva and LASD did not discipline Deputy Thieme and the Doe Defendants for engaging in excessive force against Plaintiff. The Sheriff's Department has a pattern and practice of allowing and encouraging the use of excessive force against County residents, as LASD does not hold deputies accountable for such wrongful conduct.

18. Plaintiff's whole life and mental state was upended by the Defendants' attacks on her. She is too terrified to return to her residence with her mother. The Defendants have completely destabilized plaintiff's mental health. Plaintiff lost lost thirty pounds in just two months due to the Defendants' attack and she can no longer function in her mother's home. Plaintiff is so distraught over what was done to her, she is currently incapable of receiving the medical help she needs to try to heal from this nightmare.

19. Despite LASD's notoriety for covering up deputy wrongdoing, Deputy Thieme was referred to LASD's Internal Criminal Investigation Bureau "ICIB") for investigation of his criminal conduct towards Ms. Jafari. While it is doubtful LASD will hold Thieme accountable, ICIB deputies acknowledge Thieme has engaged in excessive against Plaintiff and other residents. Despite the history of the District Attorney's Office to refuse to prosecute cops for excessive force, some of Thieme's co-workers hope the District Attorney is examining the case to determine if it will prosecute the Defendants for their crimes against the Plaintiff.

20. The use of body cameras is new to LASD. Apparently, the Defendant deputies forgot about the body camera while attacking Ms. Jafari. The video proves without a doubt that the Deputy Defendants are liable and that the Defendant County is liable for their employees' conduct, and that the Defendant deputies lied about the incident.

21. The actions of the County and its employees are repugnant. Deputies in LASD who viewed the body camera footage laughed as they watched Ms. Jafari being tortured by the Defendants and yelping in pain.

22. During the incident, the Defendant deputies did not approach the Plaintiff with caution. The deputies overreacted to the Plaintiff based on her mental disability and used excessive force.

The Defendant violated its own internal procedures in using unreasonable force. Section 3-10/030.00 – Unreasonable Force: Department members shall use only that force which is objectively reasonable. Unreasonable force is that force that is unnecessary or excessive given the totality of the circumstances presented to Department members at the time the force is applied. Department members shall use only that force which is objectively reasonable. Unreasonable force is prohibited. The use of unreasonable force will subject Department members to discipline and/or prosecution. The basis in determining whether force is "unreasonable" shall be consistent with the Supreme Court decision of *Graham v. Connor*, 490 U.S. 386 (1989).

23. Defendant Thieme and the Doe Defendants are employed by the County. LASD is a division in the County of Los Angeles and the County is liable for all wrongful acts committed by LASD and deputy employees. Sheriff Alex Villanueva is the top official for LASD and he is responsible for managing, supervising, and disciplining all employees in LASD including LASD deputies.

24. Sheriff Villanueva is the supervisor of all the individual Defendants and is responsible for investigations of unlawful conduct. Sheriff Villanueva is also obligated to take disciplinary action for misconduct and to protect residents, including the Plaintiff, from being discriminated against based on her disability, threats, intimidation, and physical violence by LASD employees. Instead of protecting residents, Sheriff Villanueva and LASD have maintained a pattern and practice of protecting bad cops in the department.

25. Plaintiff is informed and believes and thereupon alleges that Defendant DOES 1-10, are liable for wrongful conduct, and each of them, whether individual, corporate, associate or otherwise, are still unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiffs will further amend her complaint to show the Doe Defendants true names and capacities, together with appropriate charging language, when

such information has been ascertained. Plaintiff will file DOE amendments, and/or ask leave of court to amend this Complaint to assert the true names and capacities of these Defendants when they have been ascertained.

26. Plaintiff is informed and believe, and upon, such information and belief allege, that each Defendant designated as a DOE was and is in some manner, negligently, wrongfully, or otherwise responsible and liable to Plaintiff for the injuries and damages hereinafter alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

27. Plaintiff is further informed and believes, and thereupon alleges, that at all times relevant hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant.

28. At all relevant times, Defendants or their predecessors in office have acted or failed to act, as alleged herein, under the color of state law.

29. The Plaintiff complied with all requirements under the California Tort Claims Act.

**FIRST CAUSE OF ACTION**

**(FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C.§1983 AGAINST THE DEFENDANT COUNTY OF LOS ANGELES, DEFENDANT KONRAD THIEME AND DOE DEFENDANTS 1-10)**

30. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-29 of this complaint.

31. Under section 1983 of the United States Code, the County and individual Defendants are liable for subjecting the Plaintiff to conduct that occurred under color of state law, and this conduct deprived Ms. Jafari of her rights, privileges, or immunities guaranteed under the 4th, 5th, and 14th Amendments of the Constitution of the United States of America.

32. Plaintiff is a member of a protected class, suffering from disabilities arising from her mental illnesses. Her mental illnesses and disabilities are transparent and would be obvious to any police officer or deputy confronting or interacting with her, and the Defendant deputies were informed prior to their use of excessive force that she suffered from a mental disability.

33. According to 42 U.S.C. § 1983, Civil action for deprivation of rights: every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

34. Plaintiff is informed and believes and thereon alleges that Defendant and its employee/agents sheriff's deputies, were and are informed that Plaintiff was and is a vulnerable citizen, suffering from disabilities and mental illness.

35. Plaintiff alleges upon information and belief that the Defendant County, as part of the standard of care, has a duty to train its deputies to be sensitive to individuals with disabilities and mental illnesses, to act with care to not antagonize and agitate and target said individuals, and to not discriminate against and harass said individuals based on their disabilities and mental illnesses. Unfortunately, here the Defendant deputies saw Plaintiff's disability as a weakness that made her vulnerable to being bullied by them, and deputies took delight in causing Plaintiff fear and pain.

36. When the passive, unarmed Plaintiff backed away from the Individual Defendants and held her arms out and palms up, so they would see she was of no threat, the Defendants, unprovoked, attacked the Plaintiff and throat punched her hard to the ground, with her landing on her back and head. The deputies immediately continued their assault on Plaintiff as she writhed on the ground in pain. The deputies sat on Plaintiff and tased her, to shock her body and hurt Plaintiff further. As she yelped in pain, Defendant Thieme grabbed her by the hair and threw her into the patrol car.

37. After the incident, Defendant Thieme and Doe Defendant Deputies wrote a false police report and tried to pressure Plaintiff's mother to lie and falsely state that Plaintiff had a knife hidden on her.

38. Defendant Thieme and the Doe Defendants falsely arrested Plaintiff on fake charges, but the District Attorney declined to participate in the frame up and refused to prosecute her and dismissed charges.

39. The deputies' actions deprived Ms. Jafari of her constitutional rights under the 14th amendment by assaulting her, falsely imprisoning and arresting her. The Defendants made the Plaintiff fear for her life as they terrorized her. Plaintiff reasonably fears the deputies will return to her mother's residence and finish the job they started and murder her.

40. Some of the County's own deputies in ICIB found that the Deputies' story did not hold up and was not consistent with what is on the body camera footage. While the Sheriff's office and the District Attorney routinely does not hold deputies accountable for use of excessive force, ICIB referred Deputy Thieme to the District Attorney for possible prosecution for his misconduct in this matter.

41. At all times mentioned herein each of the individual Los Angeles County sheriffs' deputies, were working as employees, and acting as agents and servants of the Defendant and Doe Defendants. The sheriff deputies were acting under the color of law at all times.

42. The Defendant County is liable by violating its own policies and establishing a custom and practice of engaging in excessive force against disabled and African American and Latino residents. Sheriff Alex Villanueva and LASD has maintained a custom of allowing the existence of deputy gangs and a deputy gang culture that permeates LASD and encourages the use of excessive force against disabled people and minorities. The Sheriff and LASD have failed to hold deputies accountable for excessive force and to investigate use of excessive force. The Ninth Circuit has held that in some cases the plaintiff is entitled to have the jury instructed that evidence of governmental inaction - specifically, failure to investigate and discipline employees in the face of widespread constitutional violations – can support an

inference that an unconstitutional custom or practice has been unofficially adopted. (Hunter v. County of Sacramento (9th Cir. 2011) 652 F.3d 1225, 1234, fn. 8.) "The [entity] may not be held liable for acts of [employees] unless 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or if the constitutional deprivation was 'visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.' " (Redman v. County of San Diego (9th Cir. 1991) 942 F.2d 1435, 1443-1444. ) • "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." (Bd. of the County Comm'rs v. Brown (1997) 520 U.S. 397, 404 [117 S.Ct. 1382, 137 L.Ed.2d 626].) • "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " (Castro v. County of Los Angeles (9th Cir. 2016) 833 F.3d 1060, 1075 (en banc).) "While a rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies Monell's policy requirement, a 'policy' within the meaning of § 1983 is not limited to official legislative action. Indeed, a decision properly made by a local governmental entity's authorized decisionmaker - i.e., an official who 'possesses final authority to establish [local government] policy with respect to the [challenged] action' - may constitute official policy. 'Authority to make municipal policy may be granted directly by legislative enactment or may be delegated by an official who possesses such authority, and of course whether an official had final policymaking authority

is a question of state law.' " (Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439, 1443.) • "[A] plaintiff can show a custom or practice of violating a written policy; otherwise an entity, no matter how flagrant its actual routine practices, always could avoid liability by pointing to a pristine set of policies." (Castro, supra, 833 F.3d at p. 1075 fn. 10.) "Appellants need not show evidence of a policy or deficient training; evidence of an informal practice or custom will suffice." (Nehad v. Browder (9th Cir. 2019) 929 F.3d 1125, 1141.) "As with other questions of state law relevant to the application of federal law, the identification of those officials whose decisions represent the official policy of the local governmental unit is itself a legal question to be resolved by the trial judge before the case is submitted to the jury." (Jett v. Dallas Independent School Dist. (1989) 491 U.S. 701, 737 [109 S.Ct. 2702, 105 L.Ed.2d 598].) • "[I]t is settled that whether an official is a policymaker for a county is dependent on an analysis of state law, not fact." (Pitts v. County of Kern (1998) 17 Cal.4th 340, 352 [70 Cal.Rptr.2d 823, 949 P.2d 920].) • "Once those officials who have the power to make official policy on a particular issue have been identified, it is for the jury to determine whether their decisions have caused the deprivation of rights at issue by policies which affirmatively command that it occur, or by acquiescence in a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." (Jett, supra, 491 U.S. at p. 737.) Gibson v. County of Washoe [(9th Cir. 2002) 290 F.3d 1175, 1186] discussed two types of policies: those that result in the municipality itself violating someone's constitutional rights or instructing its employees to do so, and those that result, through omission, in municipal responsibility 'for a constitutional violation committed by one of its employees, even though the municipality's policies were facially constitutional, the municipality did not direct the employee to take the

unconstitutional action, and the municipality did not have the state of mind required to prove the underlying violation.' We have referred to these two types of policies as policies of action and inaction." (Tsao v. Desert Palace, Inc. (9th Cir. 2012) 698 F.3d 1128, 1143.) • "A policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, a plaintiff must show, in addition to a constitutional violation, 'that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right[,]' and that the policy caused the violation, 'in the sense that the [municipality] could have prevented the violation with an appropriate policy.' " (Tsao, supra, 698 F.3d at p.1143). • "To show deliberate indifference, [plaintiff] must demonstrate 'that [defendant] was on actual or constructive notice that its omission would likely result in a constitutional violation.' " (Tsao, supra, 698 F.3d at p. 1145.) • "[P]laintiff may prove . . . deliberate indifference, through evidence of a 'failure to investigate and discipline employees in the face of widespread constitutional violations.' Thus, it is sufficient under our case law to prove a 'custom' of encouraging excessive force to provide evidence that personnel have been permitted to use force with impunity." (Rodriguez v. County of Los Angeles (9th Cir. 2018) 891 F.3d 776, 803). "Discussing liability of a municipality under the federal Civil Rights Act based on 'custom,' the California Court of Appeal for the Fifth Appellate District recently noted, 'If the plaintiff seeks to show he was injured by governmental "custom," he must show that the governmental entity's "custom" was "made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." ' " (Bach v. County of Butte (1983) 147 Cal.App.3d 554, 569, fn.11 [195 Cal.Rptr. 268].) The federal courts have recognized that local elected officials and appointed department heads can make official policy or create

official custom sufficient to impose liability under section 1983 on their governmental employers." (Bach, supra, 147 Cal.App.3d at p. 570.)

43. The Defendants engaged in unreasonable search and seizure. The unprovoked and unjustified attack on Plaintiff deprived Ms. Jafari of her right to be secure in her person against unreasonable searches and seizures as guaranteed under the 4th Amendment of the United States Constitution and incorporated and made applicable to states and municipalities by the Due Process Clause of the 14th Amendment to the constitution. Plaintiff posed absolutely no danger to the Defendants whose decision to use excessive force against Plaintiff to harm her for her disabilities was objectively unreasonable.

44. The Defendant County's LASD has a long history of a practice of encouraging, accommodating, and ratifying the use of excessive force against the residents of the County of Los Angeles. The Defendant County has municipal liability for unconstitutional customs, practices, and policies, and for failing to properly train and supervise its employees. The County did not adequately train and supervise the Defendant deputies to prevent the use of excessive force against Plaintiff and other residents. The County employs and retains deputies that it knows violate the constitutional rights of County residents including through the use of excessive force. The County fails to discipline these deputies for their wrongful acts and by not holding them accountable encourages them to continue to engage in excessive force and other wrongful conduct against residents. The customs and practices of unconstitutional policing is directly connected to the assault and battery committed by Defendants here.

45. The County is liable for the Defendant deputies' conduct as the County ratified said conduct, by failing to hold the deputies to account for use of excessive force and other wrongful

conduct. Sheriff Villanueva and LASD knew of their employees' ongoing unconstitutional conduct. Defendant Thieme has a history of engaging in excessive force and his attack on Plaintiff was predictable. Deputy Thieme has not been disciplined for his use of excessive force on Plaintiff even though individual deputies in ICIB admit that the District Attorney should criminally prosecute Deputy Thieme.

46. The deputy's actions deprived Ms. Jafari of her constitutional rights under the 14th amendment. Plaintiff had a right to be free from state actions that would deprive her of liberty. The Defendants were deliberately indifferent to the constitutional rights of Ms. Jafari and their unprovoked attack on Ms. Jafari, cruelly harming her because she is disabled, shocks the conscience. The Defendant deprived Plaintiff of her rights by targeting her based on her disabilities and mental illnesses. The Defendants made the Plaintiff fear for her life as they, unprovoked, attacked her. Plaintiff still fears the deputies will come back to her mother's home and murder her. The Defendants arrested the Plaintiff based on the Defendant's fabricated and self-serving reasons, depriving Plaintiff of due process and her freedom. The Plaintiff was later not charged with a criminal act, as the District Attorney refused to participate in the frame up of Plaintiff and cover up of the Defendants' criminal acts.

47. Ms. Jafari has suffered and suffers from brain injury and seizures and from severe distress as a result of wrongful treatment by the Defendants whom mentally, emotionally, and physically abused the Plaintiff.

**SECOND CAUSE OF ACTION**

**(DEPRIVATION OF CIVIL RIGHTS UNDER STATE CODE §§ 51 (THE UNRUH ACT) AND 51.7 (THE RALPH ACT) AND 52.1 (THE BANE ACT) AGAINST THE DEFENDANT COUNTY OF LOS ANGELES, DEFENDANT KONRAD THIEME, AND DOE DEFENDANTS 1-10)**

48. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-47 of this complaint.

49. Plaintiff is a member of a protected class, suffering from disabilities arising from her mental illnesses. Her mental illnesses and disabilities are transparent and would be obvious to any police officer or deputy confronting or interacting with her.

50. Under California Civil Code Section 51, the Unruh Civil Rights Act, (a) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. To establish a violation of Civil Code section 52.1, the threats have to interfere with a person's rights under the Constitution or the law. If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state … Civ. Code § 52.1.

51. Civil Code section 51.7, "The Ralph Act," prohibits all violence or intimidation by threat of violence committed against any person or property because of a person's sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, sexual orientation, or position in a labor dispute or because of the perception that a person has one or more of these characteristics. The Ralph Act *does not limit* its protections to persons with these explicitly enumerated characteristics, but rather notes that the "identification … of

particular bases of discrimination is illustrative." (Civ. Code, § 51.7, subd. (a).) The civil right protected by the Ralph Act is the right to be free from violence because of a person's protected characteristic such as race, sex or sexual orientation.

52. Similar to the Bane Act, the Ralph Act does not define any of the three operative words "violence," "intimidation" or "threat." Words alone can violate the Ralph Act. (See *Long v. Valentino* (1989) 216 Cal.App.3d 1287, 1296-98.) The appropriate standard to determine whether the threatened violence was intimidating is "'would a reasonable person, standing in the shoes of the plaintiff, have been intimidated by the actions of the defendant and have perceived a threat of violence?'" (*Winarto v. Toshiba America Electronics Components, Inc.* (9th Cir. 2001) 274 F.3d 1276, 1289-90 [because the victim of the threat in that case was a woman, the Ninth Circuit stated that its test would specifically focus on the standard of "the reasonable woman."].)

53. Here, the deputies violated the Bane and Ralph Acts, as well as Unruh Act by not only making threats, but carrying through cruel violence against the passive, unarmed and not resisting Plaintiff. The Defendants attacked her because she was disabled.

54. Plaintiff is informed and believes and thereon alleges that Defendant County and its employee/agent sheriff's deputies were informed that Plaintiff was and is a vulnerable citizen, suffering from disabilities and mental illnesses. On April 10, 2021, the Defendant Deputies observed and were therefore informed that Plaintiff suffered from a mental illness and that she should be treated with caution and was of no threat to them. In fact, it is because of those very disabilities that the individual Defendant Deputies took sadistic pleasure in "toying" with the Plaintiff.

55. When the unarmed Plaintiff turned to walk away backwards from the deputies, they throat punched her to the ground, sat on her and tased her, picked her up by the hair and threw her into the patrol car, then wrote a false police report about they did to her. The Deputies attacked Plaintiff and caused her severe pain even though she was passive the whole incident. The deputies forgot the body cameras were on, as the video proves the County and the individual Defendants are liable for what they did to the Plaintiff, who suffered brain injury

as result of the attacks, had seizures and was hospitalized because of the attacks, and is destroyed mental because of the attack on her.

56. Deputies in the County's own Internal Criminal Investigation Bureau even found that the Deputies' story did not hold up, and Defendant Thieme has been referred to the District Attorney for prosecution. On the other hand, Deputy Thieme has not been held accountable by LASD for this incident and past incident where he used excessive force. Sheriff Villanueva and LASD has known and knows about Thieme's uses of excessive force and yet Defendant Thieme has not been disciplined for his actions. LASD ratified the conduct of Deputy Thieme and other deputies by giving no discipline for the use of excessive force.

57. At all times mentioned herein each of the individual Los Angeles County sheriff's deputies, were working as employees, and acting as agents and servants of the Defendant County and Doe Defendants. The sheriff deputies were acting under the color of law at all times.

58. Ms. Jafari has suffered and suffers from severe distress over the wrongful treatment by the Defendant which mentally, emotionally, and physically abused the Plaintiff, and caused physical damages, including a brain injury, and pain and emotional damage suffered by Plaintiff.

## THIRD CAUSE OF ACTION FOR

## ASSAULT

## (AGAINST DEFENDANTS, DEPUTY KONRAD THIEME, COUNTY OF LOS ANGELES, DOE DEFENDANTS 1-10)

59. Plaintiff re-alleges and incorporates by reference the allegations in the preceding 58 paragraphs.

60. The actions of the Defendants easily meet all elements of the civil action for assault: "The essential elements of a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive

manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *So v. Shin* (2013), Cal.App.4th 652, at 668-69.

61. Under the laws of the State of California, deputies are only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Here, there was no legitimate basis for an arrest, and Plaintiff was not resisting or trying to escape. The Defendants actions were intentional, as Ms. Jafari was of no threat to them. Ms. Jafari was attacked because she was disabled.

62. Defendant Thieme and Doe Defendants intended to cause and did cause the Plaintiff to suffer apprehension of an immediate harmful contact. The Plaintiff did not consent to the Defendants' acts.

63. Immunity does not apply here where the Defendant deputies engaged in excessive force. Robinson v. Solano County (9th Cir. 2002) 278 F. 3d 1007, 1016.

64. The Defendant County is liable for assault as it is vicariously liable for the wrongful acts of the Defendant deputies. Pursuant to 815.2 (a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' acts would subject him or her to liability, as it does here. Further, the County ratified the contact of its employees, the Defendant deputies. LASD and the County has clearly ratified the conduct by failing to properly investigate the wrongdoers for assault and battery in this case here, as well as hundreds of excessive force cases where the Sheriff's Department and the District Attorney have never properly

investigated and never held deputies accountable for their conduct. Defendant Thieme is notorious in LASD for engaging in excessive force against residents without consequences and should not have been on patrol at the of the incident.

65. As a direct, foreseeable, and proximate cause of Defendants' wrongful conduct, the Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish, traumatic brain injury, permanent physical injury, and severe emotional distress. The Plaintiff was required to and did employ and will in the future employ physicians and health care providers to examine, treat and care for the Plaintiff, and did, and will in the future, incur medical and incidental expenses. The exact amount of full expenses is unknown to the Plaintiff at this time. The Plaintiff has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

66. Defendants' acts were done knowingly, and willfully, and Plaintiff is entitled to punitive damages from Deputy Thieme and the Doe Defendants in an amount to be determined by proof at trial.

67. The County is liable for actions of the Defendants.

## FOURTH CAUSE OF ACTION FOR BATTERY

## (AGAINST DEFENDANTS, DEPUTY KONRAD THIEME, COUNTY OF LOS ANGELES, DOE DEFENDANTS 1-10)

68. Plaintiff re-alleges and incorporates by reference the allegations in the preceding 67 paragraphs.

69. The actions of Defendant Thieme and the Doe Defendants easily meet all elements of a cause of action for civil battery: "The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *Shin*, *supra*, at 669.

70. When the unarmed Plaintiff turned to walk away backwards from the deputies, they throat punched her to the ground, sat on her and tased her, picked her up by the hair and threw her into the patrol car, as Deputy Thieme and the Defendants cruelly took pleasure in humiliating and harming a defenseless, scared woman.

71. The Plaintiff did not consent to the Defendants' violent acts which were under the color of state law, in the scope of the deputies' employment.

72. Immunity does not apply here where the Defendant deputies engaged in excessive force. Robinson v. Solano County (9th Cir. 2002) 278 F. 3d 1007, 1016.

73. The Defendant County is vicariously liable for battery under the California Government Code and liable because the County ratified the contact of its employees, the Defendant deputies. LASD and the County has clearly ratified the conduct by failing to properly investigate Deputy Thieme for previous instances of use of excessive force, properly failed to investigate the wrongdoers for assault and battery in this case here (giving them no discipline for their wrongful and sadistic conduct), as well as hundreds of excessive force cases where the Sheriff's Department and the District Attorney have never properly investigated and never held deputies accountable for their conduct. The Defendant County is vicariously liable for the battery committed by the Defendant deputies, Pursuant to 815.2 (a) and 820 of the

California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' acts would subject him or her to liability, as it does here.

74. Defendant Thieme is notorious in LASD for engaging in excessive force against residents without consequences and it is unconscionable that he was even on patrol when he attacked Plaintiff.

75. As a direct, foreseeable, and proximate cause of Defendants' violent acts, the Plaintiff suffered severe mental anguish and physical pain and traumatic brain injury and suffered humiliation, embarrassment, anxiety, mental anguish, and severe emotional distress. The Plaintiff suffered permanent injury and was mentally destroyed by the Defendants' cruel conduct.

76. The Plaintiff was required to and did employ and will in the future employ physicians and health care providers to examine, treat and care for Plaintiff, and did, and will in the future, incur medical and incidental expenses. The exact amount of full expenses is unknown to the Plaintiff at this time.

77. Defendants' vicious and violent acts were done knowingly, willfully, and with intent to harm Plaintiff.

78. The Plaintiff is entitled to punitive damages against the individual Defendants in an amount to be determined by proof at trial.

5TH CAUSE OF ACTION FOR

FALSE IMPRISONMENT

(AGAINST DEFENDANTS, DEPUTY KONRAD THIEME, COUNTY OF LOS ANGELES, DOE DEFENDANTS 1-10)

79. Plaintiff re-alleges and incorporates by reference the allegations in the preceding 78 paragraphs.

80. Every person has the right of protection from bodily restraint or harm, subject to qualifications and restrictions. CC §43. The tort of false imprisonment is "the unlawful violation of the personal liberty of another." *Asgari v City of Los Angeles* (1997) 15 C4th 744, 757; *Fermino v Fedco, Inc.* (1994) 7 C4th 701, 715 (quoting Pen C §236). See *City of Newport Beach v Sasse* (1970) 9 CA3d 803, 810 (Penal Code definition applies to both criminal and civil proceedings). See also *Wilson v Houston Funeral Home* (1996) 42 CA4th 1124, 1135 (tort is willful and wrongful interference with another's freedom of movement).

81. While Deputy Thieme and the Doe Defendants are law enforcement officers and have the right to stop and arrest residents, they need reasonable suspicion and probable cause to do so. Here, there was no reasonable suspicion or probable cause for their actions. The Defendants were called to the home of Plaintiff's mother to assist with Plaintiff, who suffers from a disability, and was hitting a wall with a door at the home. Plaintiff at all times was unarmed and of no threat to the Defendants and made no threatening movement or gesture toward the deputies. The Defendants understood they had no justification for their actions towards Plaintiff and afterward tried to cover it up by breaking the law and writing a false police report.

82. Deputy Thieme and the Doe Defendants deprived Plaintiff of freedom of movement by use of physical force and placed her under unreasonable duress. The Defendants, without provocation, and without reasonable suspicion or probable cause, physically attacked the Plaintiff, throat punched her to the ground, slamming her body onto her back and the back of her head, sat on her even though she was not resisting, and used a taser to shock her body as she yelped in agony. The Defendants then grabbed her by the hair and threw her violently into the patrol car and falsely arrested her, as the deputies lied that Plaintiff presented some kind of threat to them.

83. Deputy Thieme and the Doe Defendants cruelly tortured and detained Plaintiff for a considerable and appreciable amount of time against her will. Plaintiff did not provide consent to be detained and be cruelly attacked and permanently damaged emotionally and physically by the Defendants.

84. Plaintiff suffered serious harm from the false imprisonment as she suffered a traumatic brain injury and seizures as a result of the attack. Plaintiff also suffered severe emotional distress as she still, reasonably fears, that the Defendants will return to her mother's home and murder her.

85. Defendants' actions rendered Plaintiff homeless and mentally destroyed as she is afraid to return to her own home. Defendants' wrongful conduct was a substantial factor in causing the harm to the Plaintiff.

86. As a direct, foreseeable, and proximate cause of Defendants' wrongful conduct, the Plaintiff suffered a traumatic brain injury and continues to suffer permanent physical injury, humiliation, embarrassment, anxiety, mental anguish, and emotional distress. The Plaintiff was required to and did employ and will in the future employ physicians and health care

providers to examine, treat and care for the Plaintiff, and did, and will in the future, incur medical and incidental expenses. The exact amount of full expenses is unknown to the Plaintiff at this time.

87. The County is vicariously liable for actions of the Defendants under the California Government Code as the wrongful acts were committed by the deputy defendants in the scope of their employment as law enforcement officers.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE AGAINST DEFENDANT COUNTY, DEPUTY KONRAD THIEME, DOE DEFENDANTS 1-10))

88. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-87 of this Complaint.

89. Pursuant to section 815.2 of the California Government Code, given that the employee Deputy Defendants, Defendant Thieme and the Doe Defendants, were acting within the course and scope of their employment, the Defendant County is liable under respondeat superior.

90. The Defendants breached their duty of care to Plaintiff as they violently attacked and arrested her and harmed her severely. While all the Deputy Defendants are alleged to have engaged in intentionally wrongful conduct, they also made substantial errors in how they handled the incident with the Plaintiff.

91. Plaintiff was injured as a proximate and direct cause of the Defendants' breach of care.

92. The Defendant County was also negligent in its training and supervision practices, as it has maintained a practice and culture where deputies are not held accountable for use of excessive force, and do not receive sufficient training and supervision to protect the

constitutional rights of residents, including Plaintiff. Here, Plaintiff was physically, emotionally, and mentally harmed due to the violation of those rights.

93. The Defendant County has a duty of care to protect citizens such as the Plaintiff from use of excessive force. The Defendant knew or should have reasonably known that Deputy Thieme, who has a history of use of excessive force, would harm Plaintiff through the use of excessive force.

94. The Defendant County had a duty a special duty as well as an ordinary duty of care to protect citizens, given that the deputies are armed with weapons, including tasers, that could seriously injure and easily kill the citizens.

95. Plaintiff is informed and believes, and on that basis alleges, that the Defendant County breached its duty of care, as Thieme, unprovoked, throat punched Plaintiff causing her to hit her head, and he and the Doe Defendants sat on her and tased her and caused traumatic brain injury.

96. As a direct, foreseeable and proximate cause of Defendant County's negligence and the resulting acts, Plaintiff suffered severe a traumatic brain injury, mental anguish and physical pain and continues to suffer humiliation, embarrassment, anxiety, mental anguish, and emotional distress. Plaintiff was required to and did employ and will in the future employ physicians and health care providers to examine, treat and care for him, and did, and will in the future, incur medical and incidental expenses. The exact amount of full expenses is unknown to Plaintiff at this time.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment against the Defendant as follows:

1. For special damages, including but not limited to, lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at the time of trial, all in an amount set forth above and/or according to proof at the time of trial;
2. For further special damages, including but not limited to, lost future earnings, benefits and other prospective damages in an amount set forth above and/or according to proof at the time of trial;
3. For general damages, including from severe emotional distress, in an amount set forth above and/or according to proof at the time of trial;
4. For interest: Pre-Judgment and Post-Judgment at the maximum legal rate;
5. For costs of suit;
6. For punitive damages against the individual defendants;
7. For attorney's fees, pursuant to 42 U.S.C section 1988 and the Bane Act and other state statutes;
8. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated this December 14, 2021

THE LAW OFFICES OF VINCENT MILLER

Vincent Miller

VINCENT MILLER,

Attorney for Plaintiff Sarah Jafari

REQUEST FOR JURY TRIAL

Dated this December 14, 2021

THE LAW OFFICES OF VINCENT MILLER

Vincent Miller

VINCENT MILLER,

Attorney for Plaintiff Sarah Jafari

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Vincent Miller (SBN 291973)
The Law Offices of Vincent Miller
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
TELEPHONE NO.: 213-948-5702 FAX NO.: 818-450-0698
ATTORNEY FOR *(Name)*: Plaintiff Sarah Jafari

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jafari v. County of Los Angeles, et al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 21STCV45482
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 14, 2021
Vincent Miller
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Jafari v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☑ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Jafari v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Jafari v. Couhty of Los Angeles, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Jafari v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: |
|---|---|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | | | 500 W. Temple Avenue<br>Los Angeles, CA 90012 |
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk Courthouse District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 12/14/2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
12/14/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: R. Perez Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
21STCV45482

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Monica Bachner | 71 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 12/15/2021 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez, Deputy Clerk



**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.